**Ralph Miguel GONZALEZ, Petitioner—Appellant,**

v.

**E.K. MCDANIEL, Respondent— Appellee.**

No. 04–16902.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 8, 2005.*

Decided Aug. 19, 2005.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*   Fed. R.App. P. 34(a)(2).

**600**

---

Jason F. Carr, Esq., FPDNV—Federal Public Defender's Office, Las Vegas, NV, for Petitioner–Appellant.

Joseph W. Long, Esq., Nevada Attorney General's Office, Ely, NV, for Respondent–Appellee.

Before: PREGERSON, KLEINFELD, and HAWKINS, Circuit Judges.

## MEMORANDUM **

Ralph Miguel Gonzales[1] is a Nevada state prisoner currently serving four consecutive sentences totaling 344 months (28 years, 8 months) to 860 months (71 years, 8 months). Gonzales was convicted by a jury of four counts of driving under the influence causing bodily injury or death in violation of Nevada Revised Statute 484.3795. After concluding that a number of Gonzales's habeas claims were unexhausted, the district court gave Gonzales the option to abandon these unexhausted claims and proceed on the remaining grounds or to suffer dismissal of his petition as a mixed petition under *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). Gonzales chose not to abandon the unexhausted claims so that he could appeal the district court's determination that the claims were unexhausted. Accordingly, the court dismissed Gonzales's petition and Gonzales appealed. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we reverse.

Because any petition Gonzales filed in state court would be futile and because Gonzales has no state forum through which his claims can be heard on their merits, the exhaustion doctrine does not bar his claims. *See Phillips v. Woodford*, 267 F.3d 966, 974 (9th Cir.2001) (finding claim exhausted where return to state court would be futile); *Insyxiengmay v. Morgan*, 403 F.3d 657, 667 (9th Cir.2005) (concluding that exhaustion requirement satisfied when no state remedy available). Further, a retroactively applied new procedural rule may not be used to find procedural default. *See Ford v. Georgia*, 498 U.S. 411, 425, 111 S.Ct. 850, 112 L.Ed.2d 935 (1991) (holding that new "rule, adopted long after petitioner's trial, cannot bar federal judicial review of petitioner's equal protection claim"). Because the new procedural rule retroactively employed to bar Gonzales's claim is not an adequate independent state ground, federal review of his petition is appropriate. *See Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).

**REVERSED and REMANDED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Gonzales's name is incorrect on the case caption, he actually spells his name with an "s" rather than a "z."